Argued and submitted September 16, 1991, reversed and remanded in part and affirmed in part February 26, Camera World's reconsideration and Marshall's reconsideration denied April 15, Marshall's petition for review denied July 21 (313 Or 628)
Camera World's petition for review allowed July 21, 1992 (313 Or 627)

Gary W. TEENY
and Richard L. Teeny,
dba Teeny's Steel and Crane Erection,
*Plaintiffs,*

*v.*

HAERTL CONSTRUCTORS, INC.
and Manhattan-Rose City Glass, Inc.,
*Respondents,*

CAMERA WORLD COMPANY
and Chung Doo Shin,
*Respondents,*

MARSHALL COMPANY CONSTRUCTION,
an assumed business name of John H. Marshall,
*Appellant,*

MICROFLECT, INC.,
dba Grating Specialties Division,
*Appellant - Respondent,*

ENTERPRISE FABRICATORS CO., INC.,
*Appellant - Respondent,*

*and*

Alfred E. AUS;
Esther W. Aus;
U.S. National Bank of Oregon;
Drs. Good and Cherrier, P.C.;
Knez Building Materials Company;
Don Earl, Michael Gardner and Michael Satran,
dba Western States Sheet Metal, Inc.;
Cab, Inc., dba Union Floor Company;
Parr Lumber Company; Michael Gardner,
dba Sun Roofing; Bachofner Electric, Inc.;
Landry's Commercial Floor Coverings, Inc.;
Dan E. Ward, dba Willamette Painting Co.;
Overhead Door Company of Portland-Vancouver, Inc.,
dba Overhead Door Company of Portland, Inc.;
ASI Heating and Air Conditioning, Incorporated;

Modern Plumbing Company; Landco Enterprises, Inc.;
and James B. Johnston, dba Wood Hollow Cabinets,
*Defendants.*
(A8808-04655; CA A63888)

826 P2d 1029

Rex E. H. Armstrong, Portland, argued the cause for appellant Marshall Company Construction. With him on the briefs was Bogle & Gates, Portland.

K. John Condon, Portland, filed the brief for appellant - respondent Microflect, Inc.

William Day, Portland, argued the cause and filed the briefs for appellant - respondent Enterprise Fabricators Co., Inc.

Suzanne C. Pickgrobe, Portland, argued the cause for respondents Camera World Company and Chung Doo Shin. With her on the brief was Kell, Alterman & Runstein.

No appearance for respondent Manhattan-Rose City Glass, Inc.

No appearance for respondent Haertl Constructors, Inc.

545-a

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

This action was brought by subcontractors who worked on a major building renovation project in downtown Portland.[1] They sought recovery against Haertl Constructors, Inc. (Haertl), the general contractor, for amounts due on the subcontracts and sought to foreclose construction liens against Chung Doo Shin, the owner of the property, and Camera World Company (Camera World), the lessee. Three of the subcontractors, Enterprise Fabricators, Inc. (Enterprise), Marshall Company Construction, Inc. (Marshall) and Microflect, Inc. (Microflect), appeal the trial court's judgment that their liens are invalid.[2] Marshall also appeals the amount of the judgment granted in its favor against Haertl.[3] On *de novo* review, we reverse and remand as to Enterprise and Microflect and affirm as to Marshall.

Camera World and Shin contracted with Haertl for renovation of portions of a building owned by Shin and leased in part by Camera World.[4] Most of the work on the project related to renovating the part of the building occupied by Camera World. A small portion of the work related to other parts of the building. Shin and his wife are the sole shareholders of Camera World, and Shin is its president and chief operating officer. Neither Shin nor Camera World had posted a notice of non-responsibility for the construction work.

We first address the facts and issues related to Microflect's appeal. Haertl contracted with Microflect to supply steel and aluminum grating for the project. Microflect's employees cut the gratings to size, following architectural drawings and specifications provided by Haertl. All of Microflect's labor for the project was performed off-site, except for four hours taking on-site measurements to facilitate the

---

[1] Subcontractors Gary W. Teeny and Richard L. Teeny initiated the action. All other subcontractors were joined as defendants.

[2] The remaining subcontractors have not appealed.

[3] Although Manhattan-Rose City Glass was listed in Marshall's notice of appeal as an adverse party and is therefore designated as a respondent here, it has not appeared and no party to the appeal has raised any issue relating to it.

[4] At the time construction began in 1987, the property was owned by Alfred and Esther Aus, who were vendors under a contract for sale of the property to Shin. While this action was pending, the contract was satisfied and title was conveyed to Shin.

installation of its materials. Microflect did not install the grating at the job site.

Microflect did not give Camera World or Shin a preliminary notice of its right to claim a lien. On July 19, 1988, it filed a lien claim. The lien claim was verified by Microflect's attorney, who had been been given the pertinent information by his client. When this action was commenced, Microflect cross-claimed to recover amounts owed under the contract with Haertl and to foreclose its lien. The court granted judgment in favor of Microflect against Haertl but held that the lien claim against Camera World and Shin was void, because Microflect had not given notice of a right to a lien, as required by ORS 87.021(1), and because the lien claim was not lawfully verified.

Microflect first assigns error to the trial court's holding that the lien claim was void for lack of the required notice. ORS 87.021(1) requires that a "person furnishing any materials, equipment, services or labor" for which a lien may be claimed give notice of a right to a lien to the owner of the site. ORS 87.021(3)(b) provides an exception:

> "A person who performs labor upon a commercial improvement or provides labor and material for a commercial improvement or who rents equipment used in the construction of a commercial improvement need not give the notice required by subsection (1) of this section in order to perfect a lien created under ORS 87.010 * * *."

The trial court concluded that ORS 87.021(3)(b) does not apply to Microflect, because substantially all of the work was performed off the construction site. Microflect argues that its on-site work was sufficient to bring it within the exception. Camera World and Shin argue that the on-site activities were *de minimis*. We need not address the latter argument, because Microflect's second argument, that providing off-site labor to produce materials for a commercial improvement brings it within the exception, resolves the issue.

■ ■ ORS 87.021(3)(b) excepts from its notice requirement a person who *"performs* labor *upon* a commercial improvement" or who *"provides* labor and material *for* a commercial improvement." (Emphasis supplied.) Camera World and Shin argue that the exception applies only when

the labor is performed on-site. To agree with that conclusion, we would have to ignore the plain language of the statute. When the legislature uses different language for similar statutory provisions, we assume that it intended different meanings. *See Emerald PUD v. PP&L*, 76 Or App 583, 593, 711 P2d 179 (1985), *aff'd* 302 Or 256 (1986); *State v. Crumal*, 54 Or App 41, 45, 633 P2d 1313 (1981). "Performs labor upon" must mean something different than "provides labor * * * for." We conclude that, if a person provides labor *and* material *for* a commercial improvement, notice of a right to claim a lien is not required, regardless of whether the labor is performed on-site or off-site. Microflect provided labor to create material for the project. Accordingly, as a person who provided labor and material for a commercial improvement, Microflect was not required to give notice of its right to a lien.

 Microflect next assigns error to the court's holding that its lien claim was unlawfully verified. ORS 87.035(4) provides:

> "The claim of lien shall be verified by the oath of the person filing or of some other person having knowledge of the facts, subject to the criminal penalties for false swearing provided under ORS 162.075."

Shin and Camera World contend that the statute requires verification by someone with *actual* knowledge of the facts underlying the lien. The statute does not require "actual knowledge," and we see no reason to read that requirement into it. An attorney who has received information from others may verify a claim of lien, if the attorney has made a reasonable investigation of the facts and has a good faith belief that the facts stated in the claim are true. Microflect's attorney was given information by the general manager of Microflect. The information included invoices, a bill of lading showing delivery of the materials and other facts. The attorney had worked with the manager for eight years and considered him a reliable source. The trial court erred in holding that the lien claim was unlawfully verified.

██ ██ Microflect also asks us, if we decide that the trial court erred in holding the lien invalid, to award attorneys fees, costs and disbursements against Camera World and Shin. ORS 87.060(5) allows attorney fees and costs to the party who prevails on the issues of the validity *and* the

foreclosure of a lien. *See Bones Construction Co. v. En Stone I, Ltd.*, 89 Or App 530, 749 P2d 1217 (1988). At this point in the proceedings, Microflect has prevailed only on the issue of the validity of the lien. Therefore, the question of attorney fees, costs and disbursements is premature.

■ We now turn to Enterprise's appeal. Haertl contracted for Enterprise to perform various metal fabrication work. Enterprise custom-crafted its materials to meet the project's specifications. The fabrication work was done off-site; however, Enterprise's president and chief operating officer visited the job site 19 times and spent approximately 30 hours taking measurements and meeting with other individuals to discuss modifications and other matters. Shin participated in several of the meetings.

Enterprise did not give Camera World or Shin a notice of its right to claim a lien. On July 7, 1988, it filed a lien claim. The claim was verified by its attorney, who had been informed of the pertinent facts by its president and chief operating officer. When this action was commenced, it cross-claimed to recover amounts that Haertl owed under the contract and to foreclose its lien against Camera World and Shin. The court granted a judgment against Haertl but held that the lien claim against Camera World and Shin was void, because Enterprise had not given notice of a right to claim a lien as required by ORS 87.021(1) and because the claim was not lawfully verified.

Enterprise's assignments of error are identical to those made by Microflect, and we decide them the same way.

Finally, we consider Marshall's appeal. Haertl entered into two subcontracts for demolition and for framing and drywall work with GraPar Construction, Inc. (GraPar). Because GraPar's work was proceeding slowly, Haertl hired Marshall to assist with the work. Marshall later replaced GraPar on the subcontracts. Marshall filed a lien claim and, when this action was commenced, sought to foreclose its lien. The trial court found that Marshall had substantially overstated its claim and, therefore, held its lien invalid. It also determined that Haertl owed Marshall $15,100 for work performed under the contract.

Marshall first assigns error to the trial court's determination that it had substantially misstated its claim of lien. A claim of lien is invalid if it is prepared with fraudulent intent or with negligence so gross and palpable as to raise a presumption of intentional fraud. *J. W. Copeland Yards v. Phillips*, 275 Or 193, 196, 550 P2d 438 (1976). Although review of a trial court decision on the validity of a construction lien is *de novo*, we give considerable weight to the trial court's findings regarding the credibility of witnesses. *Empire Building Supply v. EKO Investments*, 40 Or App 739, 745, 596 P2d 593 (1979). In his findings and in the judgment, the trial judge said that he did not believe Marshall's witness. In fact, he characterized the evidence that Marshall presented as "sleight of hand." After review of the confusing and contradictory evidence in the record, we find nothing that persuades us that the trial court's credibility assessment should not be accepted. Accordingly, we hold that the trial court did not err in holding the lien invalid.

Marshall also assigns error to the trial court's determination that Haertl owes only $15,100 on the contract. Marshall contends that Haertl owes $44,523.04, which is the amount claimed in the lien. We have affirmed the trial court's determination, based on its assessment of Marshall's witness' credibility, that the lien claim was substantially misstated. In the light of that determination, a detailed analysis of the payments made by Haertl and the supposed allocations and reallocations of the payments by Marshall would be of no benefit.

In the light of our decision on those two issues, Marshall's other assignments of error are moot.

Reversed and remanded as to Microflect, Inc., and Enterprise Fabricators Co., Inc.; affirmed as to Marshall Company Construction.