Decided 19 December, 1904.

## STATE *v.* BREAW.

[78 Pac. 896.]

CRIMINAL LAW — RIGHT TO TRIAL AT NEXT TERM.

1. The words "next term" in Section 1559, B. & C. Comp., providing that if a defendant whose trial has not been postponed on his application, or by his consent, be not brought "to trial at the next term of the court in which the indictment is triable, af er it is found," the court must order the indictment dismissed, except for cause, do not include the current term at which the indictment was found, and hence defendant is not entitled to either a trial or a dismissal at that term.

APPEALABLE ORDER — POSTPONING CRIMINAL TRIAL.

2. The action of a trial court in postponing the trial of a criminal case to another term on the statement of the district attorney, as authorized by B. & C. Comp. § 1379, cannot be reviewed except for abuse of discretion.

From Baker : ROBERT EAKIN, Judge.

George W. Breaw was indicted for forgery, and from an order denying his motion for an immediate trial on certain of the indictments at the term at which they were returned, or for the dismissal thereof, he appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Langdon Rand.*

For respondent there was a brief over the names of *Leroy Lomax*, District Attorney, *William W. Cotton*, and *James G. Wilson*, with an oral argument by *Mr. Andrew M. Crawford*, Attorney General, and *Mr. Wilson.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from an order refusing to dismiss an information in a criminal action, under Section 1559 of the Code, which reads as follows : " If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown." The defendant was arrested in August, 1903,

and held to await the action of the grand jury, at the next term of the Baker County circuit court, for the crimes of embezzlement and forgery. On the first day of the term the district attorney filed nine informations against him for forgery. He was tried and acquitted on two of them, and moved for a trial on the others at the same term, or the dismissal thereof. This motion was overruled, and the causes continued until the next term, without the reasons for such continuance being entered of record. From the order in one case he appeals, and there is a stipulation that the others shall abide the result.

1. The defendant's position is that under the statute he was entitled to a dismissal of the information against him if he was not tried at the same term of the court at which it was found, unless good cause to the contrary was shown by the prosecution, and that such cause should appear in the record. Section 10 of article I of the state constitution declares that justice shall be administered without delay, which is substantially the same as guarantying to a defendant in a criminal action a speedy trial. The statute quoted is intended to preserve this right by prescribing a definite and uniform rule for the guidance of courts in their practice, but we do not think it means that the trial shall take place at the same term at which the indictment is found or the information filed. The language is that the court must order the indictment dismissed if the trial has not been postponed on the application or by the consent of the defendant, unless he is brought "to trial at the next term of the court in which the indictment is triable, after it is found," etc., which clearly means the next following term, and not the current one. The interpretation of the statute should be reasonable, adapted to the objects to be attained, and to the preservation of the rights of the State and of the accused. It would be unreasonable to hold

that a term of court just closing at the time an indictment is returned should be regarded as the "next term" after it was found, so as to impose upon the State the charge of vexatious or oppressive delay if the trial is not had at such term. If the term just closing is not to be counted, upon what principle can a term, any part of which has expired, be included? How much of a term should remain to entitle it to be counted as a term? And who shall determine this question? Evidently the statute was intended to establish a uniform rule applicable to all cases alike, and by the words "next term" to exclude the current term from the computation: 12 Cyc. 502; *Bell's Case*, 7 Grat. 646; *Sands* v. *Commonwealth*, 20 Grat. 800; *Ochs* v. *People*, 25 Ill. App. 379; *Stewart* v. *State*, 13 Ark. 720. This conclusion, of course, does not affect the duty of the prosecution or the right of a defendant in a criminal action to a trial as soon after the information or indictment is filed as the prosecution can with reasonable diligence prepare for the trial, and the delays growing out of the established method of procedure will permit; but he is not entitled to a dismissal of the indictment under the section referred to, although he is not tried at the term at which the information is filed against him, and no cause for the delay appears on record.

2. The court has authority to postpone a trial of a criminal cause until another day in the same term, or to another term, upon the statement of the district attorney (B. & C. Comp. § 1379), and its action in so doing cannot be reviewed on appeal, except for an abuse of discretion : *State* v. *O'Neil*, 13 Or. 183, 9 Pac. 284.

The judgment of the court below is affirmed.

AFFIRMED.