UNITED STATES of America,
Plaintiff,

v.

Irving D. FISHER, Defendant.

No. 55-CR-122.

United States District Court
E. D. Wisconsin.

June 19, 1957.

Edward G. Minor, U. S. Atty., and Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Maurice Weinstein, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This matter is before the court on the motion of the defendant to dismiss Count I of an indictment containing three counts charging violation of income tax laws. The basis of the motion is the alleged failure of the Government to comply with the provisions of 26 U.S.C.A. § 3748(a). The pertinent parts of that section provide:

"§ 3748. Periods of limitation.

"(a) Criminal Prosecution. No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, * * * except that the period of limitation shall be six years."

"(3) * * * Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district."

The complaint was instituted before the commissioner on March 3, 1955. The grand jury was sitting off and on until discharged July 1, 1955. The indictment in question was returned by the grand jury which was next convened in this court.

The defendant claims that the "grand jury" referred to in Section 3748 should be construed to mean the grand jury sitting at the time the complaint was filed in this action, or, if no grand jury was sitting, then the first subsequent grand jury which is thereafter impaneled.

The Government contends that the statute should be construed to mean and refer to the discharge of the first new grand jury summoned and impaneled after filing of the complaint.

No cases have been cited by either party directly construing the statute. The closest decision cited is that of United States v. Rully, D.C., 136 F.Supp. 881, 882. There the court stated:

"The second claim depends on the meaning of 'next session' in the statute, 26 U.S.C.A. § 3748. * * *

Even under the old provisions, which apply here, however, the tolling of the statute did not end with the discharge of the then sitting Grand Jury two days after the filing of the complaint, but with the discharge of the 'next session' of the Grand Jury, which would normally be defined as the Grand Jury first convened subsequent to the date of the filing of the complaint."

Any construction can result in extreme results. For instance, if there was a grand jury sitting on the day the complaint was filed and that grand jury was discharged that night, obviously the matter could not be presented to that grand jury if the defendant's contention is sustained. On the other hand, if the grand jury then in session sits for seventeen months and there is delay in calling the next grand jury, then, on the Government's contention, a hardship would be imposed on the defendant.

The statute must be interpreted one way or the other. Whichever way it is interpreted will in some cases cause hardship.

The word "next" is defined in Webster's International Dictionary, Second Edition, Unabridged, to mean "nearest; having nothing similar intervening; adjoining in a series; immediately preceding or following in order."

In ordinary language, if one used, on June 18, 1957, the expression "next June," one refers to June of 1958. If the legislature is in session and one refers to the next session of the legislature, one refers to the one to follow the one presently in session. The same with a term of court.

There are many judicial interpretations of the word "next" when used in various connections, the vast majority of which bear out this meaning. For instance, in Gandy v. Thomas, Tex.Civ. App., 66 S.W.2d 449, 450, we find the following:

"The term 'next' has reference to that which comes after, and means that term of the county court which convenes subsequent to the date of filing the appeal bond in the justice court."

And in State v. Breaw, 45 Or. 586, 78 P. 896, we find the following:

"The language is that the court must order the indictment dismissed if the trial has not been postponed on the application or by the consent of the defendant, unless he is brought 'to trial at the next term of the court in which the indictment is triable, after it is found,' etc., which clearly means the next following term, and not the current one."

Similar constructions are found in General Contract Purchase Corporation v. Weltchek, 111 N.J.L. 402, 168 A. 624, and Palka v. Walker, 124 Conn. 121, 198 A. 265, among many other cases reaching a similar result.

For the foregoing reasons the court holds that the word "next" as used in the statute means the first grand jury summoned and impaneled after the filing of the complaint, and not the one then in session.

For the foregoing reasons defendant's motion is hereby denied.