IN THE OREGON TAX COURT

SOUTHERN PACIFIC TRANSPORTATION CO.

*v.*

DEPARTMENT OF REVENUE,
Douglas County, Klamath County,
Lane County and Linn County

(TC 3184)

Thomas H. Nelson, Stoel Rives Boley Jones & Grey, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered September 17, 1992.

**CARL N. BYERS, Judge.**

Plaintiff seeks a judgment declaring that the interest rate for property taxes due as of July 1, 1989, was 12 percent and not 16 percent as asserted by defendants. There is no dispute as to the facts. The issue before the court is one of statutory construction. The parties filed cross-motions for summary judgment and presented oral arguments.

Plaintiff's railroad property extends through a number of Oregon counties. Plaintiff appealed the assessed value of its property for the years 1980 through 1987.

Because of the magnitude of plaintiff's property, some counties placed only that portion of the value not in controversy on the tax roll. *See* ORS 308.020. Plaintiff's appeal was not finally resolved until May, 1991, when the parties stipulated to the assessed value for all of the years in question. As a result of that stipulation, plaintiff was entitled to refunds in some counties and obligated to pay additional taxes in other counties. In October, 1991, plaintiff tendered the additional taxes due plus interest at 12 percent. Defendants assert that the correct rate of interest for all amounts owing as of July 1, 1989, and thereafter, is 16 percent.

## LEGISLATIVE HISTORY

Prior to July 1, 1989, the statutory interest rate was 12 percent. ORS 311.505(2). In 1989, the Legislative Assembly enacted House Bill 2338 (Or Laws 1989, ch 796), which contains the following:

"SECTION 10. Notwithstanding ORS 311.505(2), the rate of interest as specified under ORS 311.505(2) shall be 1-1/3 percent per month, or fraction of a month.

"* * * * *

"SECTION 22. The increased interest rate provided by section 10 of this act applies to interest charged and collected on property taxes that are unpaid for periods beginning on or after July 1, 1989, and prior to July 1, 1998. *However, if taxes that are unpaid on July 1, 1989 are paid prior to the effective date of this Act* [October 3, 1989] *the interest rate charged and collected upon payment shall be charged and collected at the rate of 1 percent per month or fraction of a month, from the due date as specified under ORS 311.505(1) to the date of payment.*" (Emphasis added.)

The issue is whether the increased interest rate applies to plaintiff's taxes which became due prior to July 1, 1989, but, because of plaintiff's appeal, were not paid until 1991. Plaintiff's position assumes that the phrase, "for periods," refers to the word "taxes." Thus, under plaintiff's view, the increased interest rate applies to property taxes levied for periods beginning on or after July 1, 1989.

In contrast, defendants' position assumes that the term "for periods" refers to the word "unpaid." Thus, defendants read the statute as increasing the interest rate for

periods that taxes are unpaid beginning on or after July 1, 1989.

■ The court cannot accept plaintiff's position. The latter part of Section 22 (emphasized above) unequivocally provides[1] that the 16 percent rate applies to taxes that are unpaid on July 1, 1989, unless they are paid prior to the effective date of the Act. Except for that short grace period, the increased interest rate applies to taxes which accrued prior to July 1, 1989, and were unpaid after the Act became effective. This expression of legislative intent directly contradicts plaintiff's position. Moreover, it clarifies any ambiguity existing in the first half of the section.

Plaintiff argues that the statute is retroactive in effect. The statute is not retroactive. It does not change the rate of interest for the use of money prior to July 1, 1989. The rate changes only for the use of money from July 1, 1989, and later. Thus, the interest on plaintiff's taxes will be calculated at two different rates; 12 percent up to July 1, 1989, and 16 percent thereafter. Certainly this has occurred in the past and probably will in the future. For example, see Or Laws 1975, ch 704, § 2.

Plaintiff also argues that defendants' interpretation lacks symmetry. Under defendants' interpretation, the legislature has determined to charge 16 percent interest on taxes due, but to allow only 12 percent on refunds. Aside from the fact that such conclusion is not without questions, the argument is better addressed to the legislature than to the court.

■ Finally, plaintiff argues that ORS 311.500(2) only applies to "delinquent" taxes. Since the amount of tax in dispute was not finally ascertained until 1991, plaintiff maintains that the taxes were never "delinquent." However, ORS 311.500 does not refer to "delinquent" taxes, but to taxes which are "unpaid." Under ORS 308.020, once an appeal is finally resolved and a final assessed value determined, any additional value over that initially placed on the roll will result in additional taxes being due.

ORS 311.160(2) provides:

---

[1] After the grace period had expired, the 1991 legislature repealed that portion of the statute. See Or Laws 1991, ch 459, § 253.

"Interest shall accrue on the additional taxes collected pursuant to subsection (1) of this section as if the property had been properly assessed in the year that any portion of the value was placed on the tax roll in the manner and at the interest rates provided in ORS 311.505."

Plaintiff does not dispute the fact that it owes interest on the taxes in question. Plaintiff believes, however, that the legislature increased the rate to 16 percent to penalize taxpayers. That view is not accurate. The statute merely increases the interest rate for all taxpayers who have unpaid taxes. While it is true that the rate is high enough to be viewed as punitive, legislative history reveals that it was intended to motivate, not punish.

Based on the above, the court finds that defendants' Motion for Summary Judgment should be granted. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that defendants' Motion for Summary Judgment is granted.

Costs to neither party.