Argued and submitted May 3, judgment of the Tax Court affirmed June 4, 1993

## SOUTHERN PACIFIC
## TRANSPORTATION COMPANY,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE
and Douglas County, Klamath County,
Lane County and Linn County, Oregon,
*Respondents.*

(OTC 3184; SC S39756)

852 P2d 197

Thomas H. Nelson, of Stoel Rives Boley Jones & Grey, Portland, argued the cause and filed the briefs for appellant.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause and filed the brief for respondents. With her on the brief was Theodore R. Kulongoski, Attorney General, Salem.

PETERSON, J.

## PETERSON, J.

This appeal is from the Tax Court. The parties are the taxpayer-plaintiff, Southern Pacific Transportation Company (taxpayer), and five defendants, including the Department of Revenue and four Oregon counties. The only issue is whether a 1989 amendment to the property tax law requires taxpayer to pay a higher rate of interest on real property taxes unpaid as of July 1, 1989. The Tax Court ruled in favor of defendants. *Southern Pacific Trans. Co. v. Dept. of Rev.*, 12 OTR 278 (1992). Taxpayer appealed. We affirm.

Taxpayer and defendants were involved in other litigation in the Tax Court involving the value of taxpayer's property in various Oregon counties for tax years 1980 through 1991. While that litigation was pending, the 1989 Legislative Assembly enacted House Bill 2338 (Or Laws 1989, ch 796), which included these provisions:

"SECTION 10. Notwithstanding ORS 311.505(2), the rate of interest as specified under ORS 311.505(2) shall be one and one-third percent per month, or fraction of a month.

"* * * * *

"SECTION 22. The increased interest rate provided by section 10 of this Act applies to interest charged and collected on property taxes that are unpaid for periods beginning on or after July 1, 1989, and prior to July 1, 1998. *However, if taxes that are unpaid on July 1, 1989, are paid prior to the effective date of this Act [October 3, 1989], the interest charged and collected upon payment shall be charged and collected at the rate of one percent per month, or fraction of a month, from the due date as specified under ORS 311.505(1) to the date of payment.*" (Emphasis added.)[1]

In 1991, the counties and taxpayer settled the valuation dispute. As a result of that settlement, taxpayer was obligated to pay additional taxes to the four counties involved in this case. Taxpayer and defendants disagreed as to the amount of interest due. The answer turns on the construction and application of the 1989 laws set forth above.

Taxpayer filed a declaratory judgment action in the Tax Court, asserting that the higher tax rate required by section 10 of the 1989 law, 16 percent, applies only to taxes

[1] Section 10 now appears in the Oregon Revised Statutes as ORS 311.500(1). Section 22 no longer appears in the Oregon Revised Statutes.

that *accrued* after July 1, 1989. Defendants assert that the 16 percent rate applies to all taxes that were *unpaid* as of July 1, 1989. We agree with defendants.

Taxes become due and owing when assessed. *See* ORS 311.250; 308.210. Appeal of the property valuation on which the taxes are based does not alter the fact that the taxes have already been assessed and become delinquent if not paid by May 15 following assessment. ORS 311.510. An appeal merely stays collection action. ORS 305.565.

*State v. Trenary,* 316 Or 172, 175, 850 P2d 356 (1993), sets forth the template that we follow in construing statutes. We start with the text and context of the statute. In considering context, we "consider other provisions of the same statute and other statutes on the same subject." *Ibid.* We look to the legislative history if the text and context do not tell us what the legislature intended.

The text and context provide the answer in this case. Section 22 provides that the 16 percent interest rate "applies to * * * property taxes that are unpaid for periods beginning on or after July 1, 1989." Section 22 also contains a provision for a grace period during which "taxes that are *unpaid on July 1, 1989,* [can be] paid prior to the effective date of this Act [October 3, 1989]." (Emphasis added.) Payment of the unpaid tax during the grace period avoids payment of the higher rate on the taxes unpaid on July 1, 1989. Taxpayer's proposed construction of the statute would read the last sentence of section 22 out of the statute. The factual premise for and purpose of that sentence is clear beyond doubt. The premise is that some real property taxes will be unpaid as of July 1, 1989. The purpose is to make the 16 percent tax rate applicable to all real property taxes unpaid as of July 1, 1989. All such unpaid taxes must be paid by October 3, 1989, in order to benefit from the grace period. If the taxes unpaid as of July 1, 1989, are not paid by October 3, 1989, the higher interest rate applies to all taxes unpaid as of July 1, 1989. Taxpayer therefore is required to pay interest on unpaid taxes at the lower rate for periods through June 30, 1989, and at the higher rate beginning July 1, 1989.[2]

The judgment of the Tax Court is affirmed.

---

[2] Taxpayer makes no claim that the 1989 legislation violates any provision of the state or federal constitution.