Argued and submitted March 16, judgment of the Oregon Tax Court reversed; case
remanded to the Oregon Tax Court with instructions May 21, 1993

ROSEBURG SCHOOL DISTRICT,
a local government unit;
G & I Investments, an Oregon Partnership;
Horizon Motors, Inc., an Oregon corporation,
dba Horizon Mazda; Rapat, Inc.,
an Oregon corporation, dba Douglas Inn;
Parkway Holdings, Inc., an Oregon corporation,
dba Parkway Ford; Parkway Holdings, Inc.,
an Oregon corporation, dba Parkway Nissan;
Jack Mathis General Contractors, Inc.,
an Oregon corporation;
Paul Jackson Wholesale Co., Inc.,
an Oregon corporation;
Roseburg Lumber Co., an Oregon corporation;
Roseburg Resources Co., an Oregon corporation;
Old School Offices, Inc., an Oregon corporation;
and One Champion Plaza, Inc., an Oregon corporation,
*Respondents,*

*v.*

CITY OF ROSEBURG,
an Oregon city,
*Appellant.*

(OTC 3242; SC S39874)

851 P2d 595

William F. Gary, of Harrang, Long, Watkinson, Laird & Rubenstein, P.C., Eugene, argued the cause for appellant. With him on the briefs was Glenn Klein, Eugene.

Joel S. DeVore, of Luvaas, Cobb, Richards & Fraser, P.C., Eugene, argued the cause and filed the brief for respondents.

David B. Frohnmayer, Eugene, Daniel Olsen, Hillsboro, Thomas Sponsler, Gresham, and James Coleman, Portland, filed a brief for *amici curiae* League of Oregon Cities and Association of Oregon Counties.

Matthew R. Baines, Gresham, Jan L. Betz, Portland, Michael E. Kohlhoff, Wilsonville, and Loretta Skurdahl, Hillsboro, filed a brief for *amicus curiae* Oregon Association of Clean Water Agencies.

E. Andrew Jordan, of Tarlow, Jordan & Schrader, Portland, filed a brief for *amicus curiae* Special Districts Association of Oregon.

UNIS, J.

**UNIS, J.**

The issue in this case is whether a storm drainage utility fee of the City of Roseburg (City) is a "tax on property" that is subject to the limitations of Article XI, section 11b, of the Oregon Constitution, adopted in 1990 by an initiative petition commonly known as "Ballot Measure 5."

Roseburg School District and interested taxpayers (taxpayers) filed a petition under ORS 305.583, asking the Oregon Tax Court (Tax Court) to declare that City's storm drainage utility fee is a tax subject to the limitations of Article XI, section 11b, of the Oregon Constitution. Both parties filed motions for summary judgment. The Tax Court entered summary judgment for taxpayers. *Roseburg School Dist. v. City of Roseburg*, 12 OTR 329 (1992).

On review under ORS 305.445, we hold that City's storm drainage utility fee is not a tax on property that is subject to the limitations of Article XI, section 11b, of the Oregon Constitution. Accordingly, we reverse the judgment of the Tax Court and remand this case to the Tax Court with instructions to enter summary judgment for City.

The current version of City's storm drainage utility fee at issue provides in part:

"A. Except as the fees may be reduced or eliminated under Subsection 5.40.050E, the obligation to pay storm drainage fees arises when a person responsible uses storm drainage services. It is presumed that storm drainage services are used whenever there is an improved premises.

"B. Unless another person responsible has agreed in writing to pay and a copy of that writing is filed with the city, the person(s) paying the city's water utility charges shall pay the storm drainage fees set by Council resolution. If there is no water service to the property or if water service is discontinued, the storm drainage fees shall be paid by the person(s) having the right to occupy the property." RMC 5.40.050 (as amended by Roseburg Ordinance 2803 at 1-2 (July 15, 1992)).[1]

---

[1] Before the July 15, 1992, amendments, Roseburg Municipal Code 5.40.050 provided in part:

Article XI, section 11b, of the Oregon Constitution is a limitation on taxes.[2] Article XI, section 11b(2)(b), defines a "tax" as

> "any charge *imposed* by a governmental unit *upon property or upon a property owner as a direct consequence of ownership of that property* except incurred charges and assessments for local improvements."[3] (Emphasis added.)

Our task is to determine whether the storm drainage utility fee in Roseburg Municipal Code (RMC) 5.40.050 is a tax within the meaning of Article XI, section 11b.

In interpreting a constitutional provision adopted through the initiative process, our task is to discern the intent of the voters. The best evidence of the voters' intent is the text of the provision itself. *Comeaux v. Water Wonderland Improvement Dist.*, 315 Or 562, 568-69, 847 P2d 841 (1993); *Northwest Natural Gas Co. v. Frank*, 293 Or 374, 381, 648 P2d 1284 (1982).[4] The context of the language of the ballot measure may also be considered; however, if the intent is clear based on the text and context of the constitutional provision, the court does not look further. *See, e.g., Comeaux v. Water Wonderland Improvement Dist., supra*, 315 Or at 569, 570 (meaning of phrase "governmental unit" in Ballot

---

"Except as the fees may be reduced under subsection 5.40.050D, the obligation to pay storm drainage fees arise[s] whenever there is an improved premises. Unless another person responsible has agreed in writing to pay and a copy of that writing is filed with the city, the person(s) paying the city's water utility charges shall pay the storm drainage fees set by council resolution. If there is no water service to the property or if water service is discontinued, the storm drainage fees shall be paid by the person(s) having the right to possess the property." RMC 5.40.050A (as amended by Roseburg Ordinance 2755 at 6 (June 10, 1991)).

Although taxpayers have challenged both versions of the storm drainage utility fee, the differences between the two versions do not require separate analyses in this case.

[2] *See* ORS 310.410 (codifying legislative interpretations of certain terms in Article XI, section 11b, of the Oregon Constitution).

[3] Article XI, section 11b(2)(c) defines "incurred charges," and Article XI, section 11b(2)(d) defines "local improvement." Neither term is relevant to this opinion.

[4] The text of a document must always be the starting point in any interpretative endeavor. *See State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991) (stating rule with respect to statutes); *id.* at 185 (Unis, J., dissenting) (same); *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993) (stating rule with respect to statutes and regulations).

Measure 5 determined based on text and context of amendment).[5]

■ The specific question in this case is whether City's storm drainage utility fee is a tax under Article XI, section 11b(2)(b), *i.e.*, whether it is a "charge imposed by a governmental unit upon property or upon a property owner as a direct consequence of ownership of that property." There is no dispute in this case that there was a charge by a governmental unit. The dispute centers around whether the charge either was "imposed * * * upon property" or was "imposed * * * upon a property owner as a direct consequence of ownership of that property."

The verb "impose" suggests more than a request for voluntary compliance, and the phrase "impose upon" carries even stronger force.[6] A charge is imposed upon property or upon a property owner and is a tax under Article XI, section 11b(2)(b), if payment of the charge is a legal obligation of that property or property owner as a direct consequence of property ownership.[7]

In this case, City structured the storm drainage utility fee in an effort to avoid the limitations of Ballot

---

[5] The same is true with respect to interpreting statutes, *see, e.g., Boone v. Wright*, 314 Or 135, 138-39, 836 P2d 727 (1992) (applying rule), and with respect to regulations, *see, e.g., Perlenfein and Perlenfein, supra*, note 4 (meaning of administrative rules determined based on text and context of those rules).

[6] The Random House Dictionary of the English Language 962 (unabridged 2d ed 1987) includes the following definitions of the verb "impose":

"1. to lay on or set as something to be borne, endured, obeyed, fulfilled, paid, etc.: *to impose taxes*. * * * 12. impose on or upon, a. to thrust oneself offensively upon others; intrude. b. to take unfair advantage of; misuse (influence, friendship, etc.). c. to defraud; cheat; deceive * * *." (Emphasis in original.)

Webster's Third New International Dictionary 1136 (unabridged 1976) includes the following definitions of the verb "impose":

"1. *obs*: charge, impute 2: to give or bestow (as a name or title) authoritatively or officially 3 a *obs*: to cause to be burdened * * * b(1): to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory, or enforcible * * * — impose on *or* impose upon 1 a: to force oneself esp. obnoxiously on (others) * * *." (Emphasis in original.)

[7] By contrast, the fact that a person is allowed to pay or actually has paid a charge, with no legal obligation to do so, cannot be the basis for determining that the charge is imposed on that person. If that were the basis for the determination, it would be impossible to determine in advance of payment on whom the charge is imposed, and the task of determining whether a charge is a tax could be done only on a case-by-case basis after payment had been received.

Measure 5.[8] The charge in question is intended as "a fee for service and not a charge against property," Roseburg Ordinance 2755, Section 1(3) (June 10, 1991), and Chapter 5.40 of the RMC is to be construed in accordance with that intent, *id.*, Section 2. Under the RMC, the person responsible for paying City's water utility charges for a particular piece of property is responsible for paying the storm drainage utility fee. RMC 5.40.050B.[9] Thus, the fee is not necessarily imposed on the owner, who may not be the occupier of the property and responsible for its water usage.

RMC 5.40.070[10] provides that, "[i]n addition to other lawful remedies, the city manager may enforce the collection of charges required by this chapter by withholding delivery of water to any premises where the storm drain utility charges are delinquent or unpaid," but no provision is made for the charge to become a lien against the property, as is the case, for example, with respect to the systems development charge in RMC 5.40.080.[11] RMC 5.40.090[12] provides that a "[r]equest for water service will automatically initiate appropriate billing for storm drainage services as established in this chapter."

Although they *relate* to real property, City's fees for storm drainage services are not imposed *upon real property*:

---

[8] The 1992 ordinance adopting the amendments to RMC Chapter 5.40 include this finding:

"If the City continued its practice before the enactment of Chapter 5.40 of the Roseburg Municipal Code (RMC) in 1989, the owners of all taxable property within the City would be bearing the burden of storm drainage services through general property taxes when it is more equitable to have those who use storm drainage services or create the demand for such service, including but not limited to developed property exempt from ad valorem taxes, bear the cost of such service." Roseburg Ordinance 2803, Finding B (July 15, 1992).

Section 4 of that ordinance also provides:

"The Council hereby classifies the fees imposed by this ordinance a fee not subject to the limits of section 11b, Article XI of the Oregon Constitution. The City Manager is directed to publish notice of this classification as required by ORS 305.583(8)."

[9] This is true both under RMC 5.40.050, as amended by Roseburg Ordinance 2755 at 6 (June 10, 1991), quoted *supra*, 316 Or at 377-78 n 1, and under RMC 5.40.050B, as amended by Roseburg Ordinance 2803 at 1-2 (July 15, 1992), quoted *supra*, 316 Or at 377.

[10] RMC 5.40.070 was not amended by the July 15, 1992, ordinance.

[11] RMC 5.40.080 was not amended by the July 15, 1992, ordinance.

[12] RMC 5.40.090 was not amended by the July 15, 1992, ordinance.

There is no provision for attaching a lien against the property for non-payment of the fee, so it appears that the property itself cannot be encumbered by City as a result of non-payment of the fee. Neither are City's fees for storm drainage services imposed *upon the owner* of real property as a direct consequence of ownership. Although some property owners may be responsible for paying the fee, the fee is not imposed upon property owners because of their ownership of the property, but instead is imposed upon the user of the water service or upon the person with the right of occupancy, whoever that may be.[13] Moreover, under the RMC, "a person responsible [who may be the owner, but also may be someone else] may seek a reduction or elimination of the monthly charge for storm drainage service" by demonstrating that the service is not being used. RMC 5.40.050E.[14]

By its terms, Article XI, section 11b, is a limitation on only those certain forms of revenue generation that fall within its definitions. It is not a limitation on other forms of revenue generation that do not fall within its definitions. It is clear that the constitutional provision defines those charges that it limits and, by its terms, excludes from its limits other forms of revenue generation, including income taxes, sales taxes, and any other charges not imposed upon property or upon property owners as a direct consequence of property ownership. The charge at issue in this case meets neither criterion and, therefore, is not a tax within the meaning of Article XI, section 11b.[15]

The judgment of the Oregon Tax Court is reversed. The case is remanded to the Oregon Tax Court with instructions to enter summary judgment for the City of Roseburg.

---

[13] City represented in oral argument, and we accept, that if the person responsible for a delinquent water bill that has resulted in delivery of water being withheld leaves the premises and a new occupant enters, water services would be restored on request with no consequence to a new occupant or to the property owner as a result of the prior person's delinquency.

[14] RMC 5.40.050E was renumbered by the July 15, 1992, amendment; the phrase "or elimination" was also added, and other changes were made in accordance with that change. The changes do not affect our analysis.

[15] Because we hold that the storm drainage utility fee is not a tax within the meaning of that term in Article XI, section 11b, of the Oregon Constitution, we need not and do not consider the exceptions to the meaning of the term "tax" in Article XI, section 11b(2)(b).