In re Determination of the Applicability
of Article XI, Section 11b of the
Oregon Constitution to the Downtown
Business Property Management
License Fee Adopted by the City of Portland

CITY OF PORTLAND,
an Oregon Municipal corporation

*v.*

Jim ATWOOD
(TC 3593)

Christopher P. Thomas, Portland, represented petitioner.

Gregory W. Byrne, Portland, represented respondent.

Decision for petitioner rendered July 21, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on petitioner's Motions for Partial Summary Judgment.

ORS 305.589 authorizes a local government unit to petition the court for a declaration of the effect of section 11b, Article XI, of the Oregon Constitution, on any tax, fee, charge or assessment imposed by that local government unit. City of Portland (City) seeks a determination that its business property management license fee is not subject to section 11b. Respondent, an interested taxpayer, intervened and claims

the fee is a tax subject to section 11b. Respondent also affirmatively asserts that the ordinance imposing the fee violates other provisions of the state and federal constitutions. However, these "affirmative defenses" are outside the jurisdiction of this court. *See Jarvill v. City of Eugene*, 289 Or 157, 613 P2d 1 (1980). Also, such issues are outside the scope of the limited remedy provided by ORS 305.589.

On March 30, 1994, petitioner adopted Ordinance No. 167514, which established a Portland downtown business property management license fee within the Portland "downtown" district.[1] The purpose of the license fee is "to fund supplemental downtown security and cleaning, crime prevention, business development, and marketing and communications services." The council classified the ordinance as not subject to section 11b but expressed an intent to obtain a court determination.

The ordinance requires "[a]ny person engaged in business property management activities within the Downtown Business District" to obtain a license. The ordinance notes that it is not a "permit" but a fee for the "privilege of engaging in the activity of business property management." Portland City Code § 6.06.010. The key section is the definition of "business property management activities." Under that definition, if a property receives no water service, the person financially responsible for operation of a business on the property is deemed engaged in business property management activities. If the property receives a single water service, it is the person financially responsible for the water service. In other cases, such as where there is multiple water service, business management activities is attributed to the person financially responsible for the water service to the common areas, waste disposal, fire insurance, repairs and maintenance, operation of the heating, ventilating and air conditioning systems and operation and maintenance of the fire suppression system. Portland City Code, § 6.06.020(C).

The definition of business property management activities excludes residential property, property owned and

---

[1] The downtown district is specifically described by street names in Portland City Code § 6.06.020(B).

used for religious purposes, and parking lots. It also excludes owner activities which are limited to those mandated by law.

The ordinance imposes a fee equal to 87 cents per $1,000 of 1993-94 assessed value of improvements, plus $5.52 per 290 square feet of the sum of improvements and land, plus 46 cents per pound of elevator capacity. The total of these calculations is then adjusted up 2.5 percent if the property is one of the 50 highest assessed value buildings in the district or decreased by 2.5 percent if the property is among the 51st to 150th building with the highest assessed value. The underlying data used to calculate the fee, *i.e.*, the assessed values, the amount of square footage and elevator capacity, are updated every three years. Portland City Code, § 6.06.130.

The issue is whether the fee described above constitutes a tax on property subject to the limitations of Article XI, section 11b, of the Oregon Constitution. That section provides:

> "A 'tax' is any charge imposed by a governmental unit upon property or upon a property owner as a direct consequence of ownership of that property except incurred charges and assessments for local improvements." Or Const, Art XI, § 11b(2)(b).

In *Roseburg School Dist. v. City of Roseburg*, 316 Or 374, 851 P2d 595 (1993), the Oregon Supreme Court held that a storm drainage service fee imposed on the person responsible for water service was not a tax on property. According to the court, the service fee was not a tax on property because, if unpaid, it did not constitute a lien on the property. 316 Or at 381. Also, the fee was not a tax imposed on the owner "as a direct consequence of ownership" of the property because it was imposed on the water user or occupant. *Id.* Although "related" to the use of the property, it was not on the property. The court recognized some owners would fall into the category of a water user or occupant. As stated by the court in *Roseburg*, "[a]lthough some property owners may be responsible for paying the fee, the fee is not imposed upon property owners because of their ownership of the property." *Id.*

Petitioner used the *Roseburg* decision as a guide in drafting its ordinance. Respondent argues that in *Roseburg* an owner could escape the tax entirely, but here the owner cannot escape the tax if it is not paid by someone else. However, the ordinance contains a provision intended to save it from that situation. An owner of property is not liable for the license fee if "an owner of property whose activities in relationship to the property consist only of activities that the owner is mandated by law to carry out." Portland City Code § 6.06.020(C)(4)(c).

■ The court concludes that the subject license fee is not a tax on property within the meaning of Article XI, section 11b, of the Oregon Constitution. The ordinance does not subject the property to a lien if the tax is not paid. Similarly, the fee is not imposed as a direct consequence of ownership. The fee is imposed on those responsible for management of business properties. Although the license fee is closely related to ownership of property, it is not directly imposed because of ownership. This case is governed by *Roseburg*. The water user on a property or the occupant of a property is just as closely associated with or related to ownership as management activities.

Having determined that respondent's affirmative issues are outside the scope of this proceeding, the court will treat petitioner's motions as a motion for complete summary judgment. Now, therefore,

IT IS ORDERED that petitioner's Motion for Summary Judgment is granted.