BARLOW-GRESHAM UNION HIGH SCHOOL
DISTRICT No. U2-20 JT.
*and*
GRESHAM GRADE SCHOOL DISTRICT NO. 4
*v.*
CITY OF GRESHAM,
an Oregon city
(TC 3622)

John W. Osburn and David W. Brown, Miller, Nash, Wiener, Hager & Carlsen, Portland, represented plaintiffs.

Matthew R. Baines, Assistant City Attorney, City of Gresham, represented defendant.

Decision for defendant rendered October 27, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Amended Motion to Dismiss plaintiffs' complaint. The motion asserts that plaintiffs failed to comply with the appropriate appeal procedures, failed to file the complaint within the time periods allowed, and failed to state a claim. Plaintiffs filed a written response.

Plaintiffs are school districts whose real properties are exempt from taxation under ORS 307.090.[1] Defendant adopted an ordinance imposing a storm water drainage fee on properties with impervious surfaces. This court previously held that the storm water drainage fee is a "tax" within the meaning of Article XI, section 11b, of the Oregon Constitution. This tax must be certified to the assessor and collected with other property taxes.[2] *Dennehy v. City of Gresham*, 12 OTR 194 (1992), *aff'd* 314 Or 600, 841 P2d 633 (1992). Consistent with *Dennehy*, defendant certified the taxes to the Multnomah County Assessor for collection. By this appeal, plaintiffs seek a declaratory judgment that their properties are exempt from the storm water drainage fees.

ORS 305.275(4) provides:

"Except as provided in ORS 118.350, 305.410 and 305.580 to 305.589, no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

Defendant's motion asserts that plaintiffs failed to exhaust their administrative remedies and are therefore barred from appealing to this court. Plaintiffs contend that their appeal is under ORS 305.410, which is an express exception to ORS 305.275(4).

---

[1]

"Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation." ORS 307.090(1).

[2] Defendant has since amended its ordinance to avoid being characterized as a tax under section 11b in accordance with the decision of the Oregon Supreme Court in *Roseburg School Dist. v. City of Roseburg*, 316 Or 374, 851 P2d 595 (1993).

ORS 305.410 sets forth the jurisdictional limits of this court. The relevant portion provides:

"[T]he tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state."

■ Plaintiffs contend that, since their appeal is under ORS 305.410, they need not comply with the exhaustion requirements of ORS 305.275(4). However, nothing in ORS 305.410 excuses plaintiff from complying with the exhaustion requirement. Plaintiffs' position, if adopted, would render ORS 305.275(4) meaningless because all cases within the jurisdiction of the Tax Court would be excused from the exhaustion requirement.

■ Whether a taxpayer has administrative remedies that must be exhausted depends upon the nature of the claim. For example, the Local Budget Law (ORS 294.305 to 294.520, 294.555, 294.565) provides a procedure to challenge tax levies made contrary to the provisions of that law. That procedure permits appeals directly to this court within 30 days of the notice of the tax levy being certified to the assessor. However, that procedure is not applicable here because plaintiffs are not challenging the tax levy for storm drainage fees. Plaintiffs are only challenging imposition of the tax as it applies to their properties.

■ ORS 305.583 also permits taxpayers to appeal directly to this court to determine the effect of Article XI, section 11b, of the Oregon Constitution on any tax, fee, charge or assessment. However, plaintiffs are not seeking a determination of the effect of section 11b on the storm drainage fee. That determination was made by this court in *Dennehy*.[3]

In short, plaintiffs' complaint is that the assessor is extending a tax against plaintiffs' exempt properties. This claim comes within the ambit of ORS 305.275. Plaintiffs are persons aggrieved by an act or omission of the county assessor which affects plaintiffs' properties and for which there is no other statutory right of appeal. Plaintiffs did not appeal to the Director of the Department of Revenue as required by the

---

[3] Plaintiffs are units of local government; therefore, it is possible to utilize the procedures under ORS 305.585, but they are likewise late in bringing an appeal under that section.

statute and, therefore, did not exhaust their administrative remedies.

■ The exhaustion requirement in ORS 305.275(4) is limited to matters arising under "the revenue and tax laws administered by the department." Defendant's storm drainage ordinance is not a revenue and tax law administered by the department. However, by virtue of this court's decision in *Dennehy*, the storm drainage fee is a tax that must be certified to the assessor and collected with other property taxes. The laws governing the procedures by which tax levies are extended upon the roll and imposed upon property are tax laws administered by the department. Moreover, ORS 307.090, the statute by which plaintiffs claim its property is exempt from the tax, is a tax law of the state administered by the department. Accordingly, it is appropriate that plaintiffs be required to appeal to the Department of Revenue and obtain a determination whether their properties are exempt from the storm drainage fee tax before appealing to this court.

■ Plaintiffs not only failed to exhaust their administrative remedies, they also failed to file their complaint within the time limit. Under ORS 305.280, plaintiffs were required to file their appeal within 90 days after the act or omission actually became known. Plaintiffs became aware of the imposition of the storm drainage tax on their properties when property tax statements were issued in October 1991. Plaintiffs did not file their complaint in this court until May 23, 1994. Now, therefore,

IT IS ORDERED that defendant's Amended Motion to Dismiss for failure to exhaust administrative remedies and failure to appeal within the time limits provided by statute is granted. Costs to neither party.