Argued and submitted September 12, judgment of the Tax Court affirmed
September 21, 1995

## BARLOW-GRESHAM UNION HIGH SCHOOL DISTRICT NO. U2-20-JT
### and Gresham Grade School District No. 4,
*Appellants,*

*v.*

## CITY OF GRESHAM,
### an Oregon city,
*Respondent.*

(OTC 3622; SC S41959)

902 P2d 92

William H. Walters, of Miller, Nash, Wiener, Hager & Carlsen, Portland, argued the cause and filed the briefs for appellants.

Matthew R. Baines, Deputy City Attorney, Gresham, argued the cause for respondent. With him on the brief was Thomas Sponsler, City Attorney.

PER CURIAM

## PER CURIAM

Plaintiffs are school districts that own real property within the City of Gresham. Defendant, the City of Gresham, adopted an ordinance that imposed a "storm water user charge" on properties with impervious surfaces, including plaintiffs' properties. The city now concedes that that charge was a tax within the meaning of Article XI, section 11b, of the Oregon Constitution,[1] which had to be certified to the assessor and collected with other property taxes. *See Dennehy v. City of Gresham*, 12 OTR 194, 196-97 (1992), *aff'd* 314 Or 600, 841 P2d 633 (1992) (so holding).[2] Without having pursued a prior administrative appeal, plaintiffs filed a complaint in the Oregon Tax Court, seeking a declaratory judgment that their properties were exempt from the "storm water user charge."

The Tax Court held that it lacked jurisdiction, because plaintiffs had failed to exhaust the administrative remedies provided in ORS 305.275(4) (1993),[3] and dismissed the complaint. *Barlow-Gresham Union High School v. City of Gresham*, 13 OTR 175 (1994). We affirm for the following reasons.

ORS 305.275(1) provides that a person aggrieved by an act or omission of a county assessor — including the denial of a claim for exemption — has an administrative appeal to the Director of the Department of Revenue:

"Any person aggrieved by an act or omission of:

"* * * * *

"(c)  A county assessor, including but not limited to the denial of a claim for exemption, * * *

"* * * * *

"which affects the property of the person and for which there is no other statutory right of appeal, may appeal to the

---

[1] Article XI, section 11b(2)(b), provides:

"A 'tax' is any charge imposed by a governmental unit upon property or upon a property owner as a direct consequence of ownership of that property except incurred charges and assessments for local improvements."

[2] *But see Roseburg School Dist. v. City of Roseburg*, 316 Or 374, 851 P2d 595 (1993) (contrary holding as to storm water user charge in another city).

[3] ORS 305.275(4) was amended by the legislature in 1995 by Oregon Laws 1995, chapter 79, section 107. That amendment is not relevant to this case.

Director of the Department of Revenue in the manner provided by this section."

Plaintiffs are challenging the county assessor's failure to exempt their properties from the "storm water user charge." No other statutory right of appeal, other than through ORS 305.275(1), is provided. Aggrieved persons must follow that procedure before appealing to the Tax Court:

"Except as provided in ORS 118.350, 305.410 and 305.580 to 305.589, no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the [Department of Revenue] unless the person first exhausts the administrative remedies provided before the department and the director." ORS 305.275(4) (1993).

None of the listed exceptions applied here. The Tax Court was correct in holding that it had no jurisdiction, because plaintiffs failed to exhaust administrative remedies.[4]

The judgment of the Tax Court is affirmed.

---

[4] The Tax Court separately held in this case that, should plaintiffs now seek review before the Department of Revenue, any such proceeding would be time-barred. 13 OTR at 178. That part of the Tax Court's opinion was extraneous to its holding that it lacked jurisdiction. We express no opinion on the merits of that question.