# IN THE TAX COURT OF THE
# STATE OF OREGON

## Gordon R. MARTIN
## and Gordon S. Martin, Jr.

*v.*

## CITY OF TIGARD

### (TC 4308)

Edward H. Trompke and Douglas V. Van Dyk, Tarlow, Jordan & Schrader, Portland, represented Petitioners.

James M. Coleman, Ramis, Crew, Corrigan & Bachrach, Portland, represented Respondent (city).

Decision for Respondent rendered February 17, 1999.

**CARL N. BYERS, Judge.**

Petitioners seek a determination that a special assessment for local street improvements is a tax as defined in Article XI, section 11b, of the Oregon Constitution, and subject to the limitations imposed by that provision. There is no dispute of fact, and the matter has been submitted to the court on cross motions for summary judgment.

## FACTS

The facts are taken from the Petition. In 1984, the city of Tigard (city) created the Dartmouth Street Local Improvement District No. 40 (LID) to extend and improve Dartmouth Street. Construction of the LID improvements

was substantially completed in 1994.[1] As their first claim, Petitioners allege that in 1993 city granted a special benefit to two parcels of land outside the LID. The special benefit consisted of granting access from those parcels to Dartmouth Street. City did not assess these parcels for special benefit. In addition, granting access to those two parcels caused a substantial increase in traffic on Dartmouth Street. Petitioners claim this forced them to make an additional $400,000 of street improvements in order to develop their parcel. Those additional improvements would not have been required if access had not been granted to the two parcels outside the LID. Also, in 1998, when city actually made the assessments, it did not assess three other parcels of land that were within the boundaries of the LID and were specially benefited by the LID improvements.

As their second claim, Petitioners allege that city included attorney fees in the amount of $489,379.50 as part of the costs to be assessed. Those fees were expended by city in connection with the LID. Petitioners claim that attorney fees are not part of the actual costs incurred in "designing, constructing, and financing" the LID.

Petitioners' third claim alleges that Tigard Municipal Code 13.04.070(b)(3) requires Petitioners to waive all objections to the assessment in order to qualify for the right to spread the assessment over a period of at least 10 years. Petitioners claim that condition violates Article XI, section 11b, and Article I, section 10, of the Oregon Constitution.

In response to these claims, city asserts that Petitioners' claims are outside the jurisdiction of the Tax Court, citing *Ester v. City of Monmouth*, 322 Or 1, 903 P2d 344 (1995). City asserts that all of Petitioners' claims are resolvable under ORS chapter 223. Jurisdiction for that chapter lies in the circuit court, not the Tax Court.

## ANALYSIS

The Oregon Tax Court has exclusive jurisdiction over "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1).[2] Although this court is a court of

---

[1] Actual construction was delayed due to other litigation over the formation of the district.

[2] All references to the Oregon Revised Statutes are to 1997.

"general jurisdiction" and has the "same powers" as a circuit court, if the question is not one arising under the tax laws of this state, then it is not within the jurisdiction of this court. *See Roseburg School Dist. v. City of Roseburg*, 316 Or 374, 851 P2d 595 (1993); *Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983); and *Jarvill v. City of Eugene*, 289 Or 157, 613 P2d 1 (1980).

■       City claims that the facts in this case are governed by the Supreme Court's decision in *Ester*. In *Ester*, the property owner claimed that a special assessment for street and side-walk improvements was subject to the limits of Article XI, section 11b, of the Oregon Constitution, because the improvements provided general benefits as well as special benefits. The Supreme Court found that, in adopting section 11b, the voters did not intend to alter the well-established meaning of the term "local improvement." The court therefore found that special assessments for local improvements are not a "tax" as defined by section 11b. The court indicated that if the property owner wanted to challenge the special assessment, then it had to do so under ORS chapter 223 by writ of review in circuit court.

A point of confusion in that case arose because the property owner (Ester) had not joined with at least nine other interested taxpayers, as then required by ORS 305.585, in seeking a determination under section 11b. In responding to the city's claim of no jurisdiction on that ground, the Tax Court held that the ten-interested-taxpayer requirement was an unconstitutional violation of due process. Consequently, it severed the requirement from the rest of the statute and heard taxpayer's claim on the merits. The Tax Court then concluded that the special assessment was for a "local improvement" within the meaning of section 11b and therefore was not subject to its limitations.

■       On appeal, the Supreme Court held that the Tax Court erred in severing the ten-taxpayer requirement and concluded that the Tax Court "did not have jurisdiction to hear this challenge under that statute." *Ester*, 322 Or at 14. That language appears to have misled city, to some extent, because city now contends the Tax Court has no jurisdiction to hear Petitioners' appeal in this case.

ORS 305.580(1) states:

"* * * The provisions of ORS 305.583, 305.585, 305.587 and 305.589 shall provide the *exclusive remedy* for determination of questions concerning the effect of the limits of section 11b, Article XI of the Oregon Constitution on taxes, fees, charges and assessments of units of government." (Emphasis added.)

■ The above statute clearly makes ORS 305.580 the exclusive remedy and ORS 305.583[3] gives jurisdiction of that remedy to the Tax Court. There are no limitations or conditions in ORS 305.580. Therefore, any assessment made by a unit of government, whether under ORS chapter 223 or some other chapter, is subject to review only in the Tax Court to determine whether or how it is affected by section 11b. This court may determine that section 11b has no effect on an assessment for a number of reasons, such as finding it is an incurred charge, it is for a local improvement, or it is not on "property."

■ Petitioners' first claim, that some properties were not assessed but should have been, approaches the question of the propriety of special assessments from an overall perspective. That is, whether the assessments made in connection with this particular LID were fair and in accordance with the requirements of ORS chapter 223 and other laws. That claim is not within the jurisdiction of the Tax Court because it is directed at the merits of the assessments rather than whether their characteristics caused them to be subject to the effect of section 11b. In accordance with *Ester,* a property owner who believes that a special assessment should have been spread over additional properties must seek relief under ORS chapter 223 in the circuit court.

■ The perspective of section 11b is that of an individual property. Under section 11b, this court determines whether a specific assessment on a specific property falls within section 11b. For special assessments, the court determines whether it is for a local improvement as defined by section 11b. If it is,

---

[1] ORS 305.583(1) (1997) provided:

"* * * An interested taxpayer may petition the Oregon Tax Court to determine the effect of the limits of section 11 or 11b, Article XI of the Oregon Constitution on any tax, fee, charge or assessment imposed by a unit of government."

then that is the end of the inquiry. Whether other properties were assessed or specially benefited is not a question within the jurisdiction of this court.

In *Ester*, the Supreme court held that "the voters intended to exclude all proper assessments for local improvements" from the limitations of section 11b. 322 Or at 13. The Tax Court does not decide whether assessments are "proper." If property owners want to contest the legality, fairness, or procedural aspects of special assessments, then they must seek review in the circuit court under ORS chapter 223. On the other hand, if the property owner is a taxpayer who wants to determine what effect section 11b has on an assessment, if any, then the taxpayer must seek review in this court.

Petitioners' second claim is that attorney fees are not a cost that may be recovered by special assessment. Section 11b(2)(d)(iii) provides:

> "The total of all assessments for a local improvement shall not exceed the actual costs incurred by the governmental unit in designing, constructing and financing the project."

Petitioners construe "actual" to mean "direct." Petitioners contend that attorney fees are not part of the cost of designing, constructing, and financing the project and if they are, then they are indirect costs not intended to be allowed by section 11b.

Petitioners cite no authority for concluding that the word "actual" means "direct." The common, ordinary meaning of "actual" is existing or real, as opposed to potential, apparent, or imagined. *Webster's Ninth New Collegiate Dictionary*, 54 (1987). Nothing in the use of the word "actual" in section 11b suggests that only direct costs may be recovered by government. The ostensible purpose of the condition is to bar government from making a "profit" on the project or from assessing operating costs. The court concludes that attorney fees directly incurred in connection with construction of a local improvement are part of the "actual" costs allowed by section 11b.

Petitioners' third claim is that section 11b establishes a constitutional right to spread the payment of a special assessment over a period of at least 10 years. Because that condition is in the Oregon Constitution, Petitioners claim that government can no longer condition the right on the property owner waiving his or her right to contest the validity of the assessment under ORS 223.215(1).

Section 11b does not create a "right," it merely sets forth a condition that a special assessment must meet if it is to be free from the effects or limitations of section 11b. Thus, Petitioners' third claim raises the issue of whether the voters, in adopting section 11b, intended to remove any conditions associated with spreading the payment over 10 years.

In *Ester*, the Supreme Court specifically found that the voters did not intend to change the law with regard to the meaning of "local improvement." In light of *Ester*, this court concludes that the voters likewise had no intent to implicitly repeal the waiver requirement set forth in ORS 223.215(1). However, even if *Ester* does not require that conclusion, reason indicates that the voters did not intend to remove all conditions associated with the payment provision.

Section 11b states that the assessment "may" be spread, suggesting that the taxpayer has an election. If the right is elective, then it is not unreasonable to anticipate that some conditions may be imposed, such as requiring a written application to be filed. ORS 223.215 imposed a waiver requirement for many years before the people enacted section 11b. Nothing in the text and context of section 11b suggests that the voters intended a change in the statutory law regarding waiver.

Petitioners' argument that the waiver requirement is an unconstitutional condition under the federal constitution is a question not within the jurisdiction of the Tax Court. The facts limit the court's jurisdiction to determining whether Petitioners' assessment may be spread over a period of at least 10 years. As indicated, the court has concluded that the voters did not intend to remove all conditions on being able to spread payment of the assessment over a period of at least 10 years.

In summary, Petitioners contend that section 11b was intended to change the law with regard to local improvements. Petitioners' claims would require finding that section 11b changed the law relative to ORS chapter 223 for: (1) determining which properties are specially benefited; (2) determining the cost of a local improvement; and (3) spreading payments over 10 years or more. The holding of the Supreme Court in *Ester* indicates that that was not the intent of the voters. Rather, the voters intended to exclude special assessments for usual local improvements from the limitations of section 11b. Now, therefore,

IT IS ORDERED that Petitioners' Cross-Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment is granted. Costs to neither party.